1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7  ANANAIS ALLEN, an individual, and AUSTIN
   CLOY, an individual,

Case No. 2:16-cv-1137-RSL

8                          Plaintiffs,

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

9       v.

10  FLIGHT SERVICES AND SYSTEMS, INC.,
    a foreign corporation,

11                        Defendant.

12      Before the Court is the Parties' Stipulated Motion for Preliminary Approval of the Class

13  Action Settlement (the "Stipulated Motion"). Dkt. #50. The Court has considered the Stipulated

14  Motion and attachments thereto. This Court has also reviewed the Parties' Settlement

15  Agreement ("Agreement"), as well as the files, records and proceedings to date in this matter.[1]

16

17      Based on this Court's review of the Agreement and all of the files, records, and

18  proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and

19  Settlement appear fair, reasonable, and adequate, and within the range of reasonableness for

20  preliminary settlement approval, and that a hearing should and will be held after notice to the

21  Settlement Class to confirm that the Agreement and Settlement are fair, reasonable and

22  adequate and to determine whether the Settlement should be approved and final judgment

23  entered in the Action based upon the Agreement.

24
25
26

---

[1] For purposes of this Order, capitalized terms used below shall have the meaning ascribed to them in the Stipulated Motion, unless otherwise defined.

IT IS HEREBY ORDERED THAT:

A. <u>Preliminary Approval of Proposed Settlement</u>.

The Agreement is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that: (a) the Agreement resulted from extensive arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

B. <u>Class Certification</u>.

On October 30, 2017, the Court certified the Class pursuant to Rule of Civil Procedure 23(c). Dkt. #37, pg. 4-5. For purposes of settlement, the Court amends the Class definition as follows:

> All employees of Flight Services and Systems ("FSS") who have been Transportation Workers, as defined by the Ordinance, and who were employed by FSS within the City of SeaTac between January 1, 2014 and the present, and who allege they were paid less than required under the Ordinance, and who are not party to a parallel legal action against FSS for claims substantially like those in this lawsuit or who have not otherwise opted out of the Class.

If the settlement is not approved, the previously certified Class definition will remain in effect.

C. <u>Settlement Hearing</u>.

A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Robert Lasnik on November 2, 2018, as set forth in the Notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive awards to Plaintiff, and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph M below. If the Settlement Hearing is postponed, adjourned, or continued by order of the Court, the Parties shall notify the Settlement Class by posting the change on the Settlement Website.

After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled. The scope of the Released Claims shall be a full and complete release of any and all claims, known or unknown, asserted or unasserted, arising under any provisions of Proposition 1 and Chapter 7.45 *et seq*. of the City of SeaTac Municipal Code, the Washington Minimum Wage Act, and the Fair Labor Standards Act.

D.  Class Notice.

Class Notice shall be sent within twenty-one (21) days following entry of this Order.

E.  Notice.

The Claims Administrators will provide mail notice to persons in the Settlement Class for whom the Defendant possesses a mailing address. Notice will be sent via US Postal Service and e-mail to the most recent mailing addresses, if any, reflected in reasonably available employment records of the Defendant. Skip tracing shall be performed by the Claims Administrator for all returned mail.

F.  Findings Concerning Class Notice.

The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and CR 23. With changes as necessary to conform to this Order, the Court hereby approves the Notice in substantially the same form as that attached to the Declaration of Duncan C. Turner. Dkt. #51-2.

G.  Administration.

The Claim Form and the claims submission process described in the Agreement and Stipulated Motion, as amended herein, are hereby approved. In addition, the Court confirms

that it is appropriate for the Defendant to provide the information necessary to provide the notice contemplated herein and to administer the settlement, including names, addresses and account information.

H.    Exclusion from the Settlement Class.

Persons in the Settlement Class will possess the right to opt out by sending a written request to a designated address on or before September 24, 2018.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action. Exclusion requests must be signed and include the following statement: "I/we request to be excluded from the class settlement in *Allen v. Flight Services and Systems, Inc., Case No. 2:16-cv-1137-RSL*." The Claims Administrators will retain a copy of all requests for exclusion. Not later than 15 days from the exclusion/objection deadline, the Claims Administrators shall file with the Court all objections received.

I.    Objections and Appearances.

Any person in the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive awards to the named Plaintiff. In order to be heard at the hearing, the person must make any objection in writing and mail it to the designated address not later than September 24, 2018. Any objections that are not timely filed and mailed may be forever barred.

J.    Further Papers In Support Of Settlement.

Class counsel shall file their fee request on or before the initial notice mailing date. The deadline to respond to objections shall be fifteen (15) days following the Exclusion/ Objection deadline.

K.    Effect of Failure to Approve the Agreement.

In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

1. All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

2. The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of the Defendant for the matters alleged in the Action or for any other purpose;

3. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiff on any point of fact or law.

L.    Stay/Bar Of Other Proceedings.

All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | July 10, 2018 |
| Initial Notice Mailing Date | July 31, 2018 (within 21 days of entry of the Preliminary Approval Order) |
| Class Counsel's Fee Motion Submitted | July 31, 2018 |
| Notice Deadline | August 24, 2018 (within 45 days of entry of the Preliminary Approval Order) |
| Exclusion/Objection Deadline | September 24, 2018 |
| Final Approval Motion and Response to Objections | October 10, 2018 |
| Final Approval Hearing / Noting Date | November 2, 2018 |
| Final Approval Order Entered | At the Court's discretion. |

M.   Timeline.

The Final Hearing, is scheduled on November 2, 2018 at 2:00 p.m. in Courtroom 15106 at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.

Dated this 9th day of July, 2018.

_Robert S. Lasnik_
Robert S. Lasnik
U.S. District Court Judge